# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **ANDRE TYRONE SOUTHALL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-686-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:      The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's brief in support thereof (Document 2); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 11). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 77,838, styled The State of Texas v. Andre Tyrone Southall.  Petitioner was charged by indictment with committing the felony offense of robbery.  He pleaded guilty to the offense and was sentenced to 20 years in prison on June 13, 1985.  Petitioner does not challenge his holding conviction.  Rather he argues he has not received proper credit towards his sentence.

Petitioner challenged his time credits in a state application for habeas corpus relief.  It was filed on April 5, 2005.  Ex parte Southall, Appl. No. 62,344-01 at 8.  The Texas Court of Criminal Appeals denied the application without written order on October 5, 2005.  Id. at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Petitioner has not received time credit for the time he spent on parole or mandatory supervision, and his good time credits were not restored upon his return to prison;

2.      The severity of Petitioner's sentence was increased when the Texas Department of Criminal Justice - Institutional Division added eight years to the end of his original maximum discharge date;

3.      Petitioner's sentence has been changed from a 20-year sentence to a 28-year sentence by the Board of Pardons and Paroles along with the Texas Department of Criminal Justice - Institutional Division; and

4.      Petitioner's due process rights were violated when his sentences was extended beyond the maximum sentence allowed.

2

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.  DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

**B.      Application**

Petitioner was released on parole on May 24, 1988, and was returned to prison on January 31, 1994.  Petitioner should have known of the factual predicate of his claims at the time he was returned to prison, which was prior to the enactment of the AEDPA.  The Fifth Circuit Court of Appeals has addressed the applicability of the limitations provision to habeas applications filed after the enactment of the AEDPA attacking convictions which became final prior thereto in United States v. Flores, 135 F.3d 1000 (5th Cir. 1998).  The Flores court determined that prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief.  Id. at 1005.  The Court concluded that petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, to file for relief.  Id. at 1006.  The Fifth Circuit joined the Seventh, Ninth, and Tenth Circuits in holding that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief.  Id.  While the Flores opinion concerned the limitations provision for filing motions pursuant to 28 U.S.C. § 2255, the reasonable time for filing applications for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be the same.  Therefore, Petitioner's application, to be timely, would have had to have been filed on or before April 24, 1997.

Petitioner indicates he placed his federal application for habeas corpus relief in the prison mailing system on August 21, 2006, long after the expiration of the one-year grace period.  Petitioner's state application for habeas corpus relief did not operate to toll the grace period, because it was filed after the grace period had expired.  Petitioner mistakenly believed he had one year from

4

the date the Texas Court of Criminal Appeals denied his state application to file his federal application for habeas corpus relief.

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998), cert. denied, 119 S. Ct. 847 (1999) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v.

America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the one-year grace period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of November, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE